IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDDY HURLEY, 453088,<br>   Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>   Respondent. | )<br>)<br>)<br>)  No. 3:06-CV-916-R<br>)    (Consolidated with<br>)  3:06-CV-1557-R)<br>)<br>)<br>) |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

  This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The findings and recommendation of the Magistrate Judge follow:

**I. PROCEDURAL BACKGROUND**

  Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this habeas corpus petition pursuant to 28 U.S.C. § 2254.

  On May 19, 1987, Petitioner was convicted of aggravated robbery with a deadly weapon. *State of Texas v. Freddy Wayne Hurley*, No. F87-77502-KQ (204th Dist. Ct., Dallas County, Texas, May 19, 1987). He was sentenced to forty-five years confinement.

  Petitioner does not challenge his conviction or sentence. Instead, Petitioner filed two habeas petitions challenging disciplinary procedures. In cause number 3:06-916-R, he argues that under the mandatory supervision law at the time he was convicted, he is entitled to a review every ninety days to determine: (1) his good-time earning class; and (2) whether any previously lost good-time should be restored. He also argues that he is entitled to a parole review every year.

Petitioner states that if Respondent had properly conducted these 90 day reviews and the annual parole reviews, he would be entitled to immediate release.

Additionally, in cause number 3:06-CV-1557-R, Petitioner argues he lost thirty days of good-time because of a disciplinary case. Although the disciplinary case was reversed, Petitioner argues his line class was reduced from line 2 to line 3, resulting in his inability to earn good-time credits. As a result, he states he lost thirty days of good-time that was not restored when the disciplinary charges were reversed.

**II.      DISCUSSION**

**1.      Cause Number 3:06-CV-916-R[1]**

**(a) Exhaustion**

Respondent argues the petition should be dismissed for failure to exhaust state remedies. Petitioner argues that time credit claims are non-grievable claims under TDCJ policy.

Under § 2254, a petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

Under Texas law, an inmate challenging the calculation of time credits must file a complaint with the TDCJ Office of Time Credit Resolution prior to seeking relief in a state habeas proceeding under article 11.07, Texas Code of Criminal Procedure. *Ex parte Shepard*, 65

---

[1]Although cause number 3:06-CV-1557-R has been consolidated with cause number 3:06-CV-916-R, the Court will refer to the claims in each petition separately.

2

S.W.3d 673, 674-75 (Tex. Crim. App. 2002); *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000). The applicant may proceed with his art. 11.07 application only after receiving a written decision from the TDCJ or after the expiration of 180 days from the date he filed his administrative complaint. TEX. GOV'T CODE § 501.0081 (West 2006). An inmate who, according to TCDJ records, is within 180 days of the date of his release on parole, mandatory supervision or discharge of sentence is not required to exhaust his administrative remedies prior to filing a state application for habeas relief. *Id*.

A petitioner challenging his time credit must exhaust his remedies under both § 501.0081 of the Texas Government Code and section 11.07 of the Texas Code of Criminal Procedure before filing a federal habeas petition. In this case, Petitioner admits that he has not exhausted these state remedies. His petition is therefore dismissable for failure to exhaust.

Notwithstanding a petitioner's failure to exhaust state remedies, an application for writ of habeas corpus may be denied on the merits. 28 U.S. § 2254(b)(2). In this case, Petitioner argues he is entitled to a review of his good-time earning class every ninety days. He states that his earning class determines how much good-time he can earn. Petitioner therefore argues that the *opportunity* to earn good-time credits constitutes a cognizable liberty interest. The Fifth Circuit, however, has stated that the loss of the opportunity to earn good-time credits is a "speculative, collateral consequence[] of prison administrative decisions and do[es] not create constitutionally protected liberty interests. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Additionally, although Petitioner argues that every ninety days he is entitled to a review of any lost good time, he has identified no lost good time and has identified no lack of due process in the loss of any good time credits. Petitioner's claims should be therefore be denied.

**(b) Parole**

Petitioner argues he is entitled to yearly parole reviews. The Fifth Circuit Court of Appeals, however, has determined that "there is no constitutional expectancy of parole in Texas." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citations omitted). Because Petitioner has no constitutional expectancy of parole, and thus no protected liberty interest, "he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) (*per curiam*). Petitioner's claims regarding his parole review should therefore be denied.

**2.    Cause Number 3:06-CV-1557-R**

In cause number 3:06-CV-1557-R Petitioner argues he lost thirty days of good-time credit. Petitioner was convicted of disciplinary charges, and as a result his line class was reduced from line 2 to line 3. Although the disciplinary charges were reversed, Petitioner argues he lost thirty days of good time credits because he was a line 3 class during the appeals process and was unable to earn good-time. He states that if he had remained at a line 2 class, he would have been eligible to earn ten days per month of good-time credit.

As discussed above, the Fifth Circuit has stated that the loss of the opportunity to earn good-time credits is a "speculative, collateral consequence[] of prison administrative decisions and do[es] not create constitutionally protected liberty interests. *See Luken*, 71 F.3d at 193. Petitioner therefore had no constitutionally protected liberty interest in his line classification. His claims should therefore be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the petition be denied with prejudice.

Signed this 18th day of April, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendations on petitioner, by mailing a copy by Certified Mail, Return Receipt Requested. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).